JAMES J. YUKEVICH (SBN 159896)
*jyukevich@yukelaw.com*
RAYMOND H. HUA (SBN 222466)
*rhua@yukelaw.com*
ERIC M. SOWATSKY (SBN 313908)
*esowatsky@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788
Email: eservice@yukelaw.com

Attorneys for Defendant
GARFIELD BEACH CVS, LLC
(erroneously sued and served herein as
CVS PHARMACY, INC.)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JOVAN SIMRIL, an individual,

Plaintiff,

vs.

CVS PHARMACY, INC., dba CVS, A Rhode Island Corporation; and DOES 1 to 25, inclusive,

Defendant.

CASE NO.

**DEFENDANT GARFIELD BEACH CVS LLC'S (ERRONEOUSLY SUED AND SERVED HEREIN AS CVS PHARMACY, INC.) NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446**

[*Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Eric M. Sowatsky and Exhibits*]

Filing Date: August 15, 2024

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant GARFIELD BEACH CVS, LLC (hereinafter "Defendant" or "CVS"), by and through counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

**A. <u>THE STATE COURT ACTION</u>**

1. On or about August 15, 2024, Plaintiff JOVAN SIMRIL (hereinafter, "Plaintiff") filed a form Complaint styled *JOVAN SIMRIL v. CVS PHARMACY, INC. et al.*, Case Number 24LBCV01719, in the Superior Court of the State of California, County of Los Angeles (hereinafter, the "State Court Action"). See Declaration of Eric M. Sowatsky ("Sowatsky Decl."), ¶ 2; Exhibit A (Plaintiff's Summons and Complaint and accompanying documents). In her Complaint, Plaintiff alleges that, on or about March 11, 2023, she tripped and fell at a CVS retail store located at or about 3575 Atlantic Avenue, Long Beach, California 90807 (hereinafter, the "Store"), and that she sustained injuries and damages as a result (hereinafter, the alleged "Incident"). Exhibit A.

2. Defendant GARFIELD BEACH CVS, LLC, who was initially erroneously named and served as CVS PHARMACY, INC., was served with Plaintiff's Complaint by process server on September 3, 2024. See Sowatsky Decl., ¶ 3; see Exhibit A.

3. At the time Defendant was served with Plaintiff's Complaint, and at the time Defendant's response to the Complaint was due in the State Court Action, it was unclear to Defendant whether this matter was removable pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(a), because the Complaint does not state Plaintiff's state of residence or the amount in controversy, in violation of California Code of Civil Procedure section 425.10(a)(2) ("If the recovery of money or damages is demanded, the amount demanded shall be stated [in the Complaint]"). See Sowatsky Decl. ¶ 4; see Exhibit A.

4. On October 1, 2024, Defendant timely filed its Answer to Plaintiff's Complaint in the State Court Action. See Sowatsky Decl., ¶¶ 5-6; Exhibit B; see *Acosta v. Direct Merch Bank*, 207 F.Supp.2d 1129, 1131 (S.D. Cal. 2002) ("It is

well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove").

**B. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

5. As previously stated, on September 3, 2024, Plaintiff served her Summons and Complaint in the State Court Action on Defendant via process server. As such, service was deemed completed on September 3, 2024. See Sowatsky Decl. ¶ 3; see Exhibit A.

6. Defendant did not remove this action within 30 days after receipt of the copy of Plaintiff's Complaint per 28 U.S.C. § 1446(b) because, as indicated above, the Complaint does not state Plaintiff's state of residence or the amount in controversy. See Sowatsky Decl. ¶ 4, see Exhibit A. *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time"); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability" and "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document").

7. As explained in greater detail below, Defendant has timely removed this matter within one (1) year after commencement of the State Court Action and within 30 days after receiving information establishing Plaintiff's state of residence and the amount in controversy, in satisfaction of the diversity jurisdiction requirements. 28 U.S.C. § 1446(b)(3)-(c).

8. Venue is proper. Plaintiff filed the State Court Action in the Superior Court of the State of California, County of Los Angeles. See Exhibit A. Venue therefore properly lies in the United States District Court for the Central District of

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel of record, and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. Sowatsky Decl. ¶ 7.

**C. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b)**

10. This Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b), because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**a. The Parties Are Diverse**

11. Diversity between the Plaintiff and all named and joined defendants existed at the time the Complaint was filed and continues to exist as of this removal.

12. Plaintiff's Complaint does not state or allege Plaintiff's state of residence. Thus, on October 1, 2024, Defendant propounded its first set of Form Interrogatories to Plaintiff, in part, to determine that information. See Sowatsky Decl. ¶ 8. Plaintiff's verified responses to Defendant's Form Interrogatories, served on November 25, 2024, indicate that Plaintiff currently resides in Long Beach, California, and has done so since at least 2019. See Sowatsky Decl. ¶¶ 9-10, see Exhibit C at No. 2.5.

13. Defendant GARFIELD BEACH CVS, LLC is now and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of California, with its principal place of business in Woonsocket, Rhode Island. See Sowatsky Decl., ¶¶ 11-12, Exhibit D.

14. The sole member of GARFIELD BEACH CVS, LLC is CVS PHARMACY, INC., a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction,

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

control, and coordination in Woonsocket, Rhode Island. See Sowatsky Decl., ¶¶ 11-13, Exhibits D-E. Thus, at all times relevant hereto, CVS PHARMACY, INC., has been a citizen of Rhode Island, and not a citizen of California.

15. Because CVS PHARMACY, INC. is a Rhode Island citizen and not a citizen of California, Defendant GARFIELD BEACH CVS, LLC is and at all relevant times has been a citizen of Rhode Island, and not a citizen of California. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

16. CVS PHARMACY, INC. is the only defendant named in Plaintiff's Complaint. GARFIELD BEACH CVS, LLC, the proper CVS-related entity here, Answered Plaintiff's Complaint in the State Court Action in lieu of CVS PHARMACY, INC. Both entities are represented by the same counsel of record and, to the extent CVS PHARMACY, INC. needs to consent, both entities consent to the instant removal to the United States District Court. See Sowatsky Decl., ¶¶ 1, 14; see 28 U.S.C. § 1446(b)(2).

17. Plaintiff's Complaint also names "DOES 1 to 25" as defendants in this action. See Exhibit A. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir.2002). The citizenship of the DOE defendants named in the Complaint is therefore immaterial with respect to removal.

18. Unnamed DOE defendants who have not been served with Plaintiff's Complaint also do not need to consent to the removal. *AGI Pub., Inc. v. HR Staffing, Inc.* (E.D. Cal., Aug. 8, 2012, No. 1:12-CV-00879-AWI) 2012 WL 3260519, at *2, citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). At the time of this filing, the docket in the State Court Action does not indicate that Plaintiff has amended her Complaint name any additional defendants,

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

or that any such defendants have been served with Plaintiff's Complaint. Sowatsky Decl., ¶ 15.

19. Because Plaintiff is and was at the time she filed the Complaint, a citizen of California, and because Defendant and CVS PHARMACY, INC. were and are citizens of Rhode Island, complete diversity of citizenship exists between the parties, and existed at the time the Complaint was filed. *Lincoln Property Co. v. Roche* (2005) 546 U.S. 81, 84 ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State").

**b. The Amount In Controversy Exceeds $75,000.**

20. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

21. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the Court may consider the facts alleged in the complaint as well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

22. To ascertain the amount in controversy, a District Court may take into account claims for special damages, general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages (if any), and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

23. Here, as stated above, Plaintiff's Complaint is silent as to the amount in controversy, and removability is not clear from the face of the Complaint. See Exhibit A. Thus, on October 1, 2024, Defendant propounded its first sets of Form Interrogatories to Plaintiff, in part, to determine the amount in controversy. See Sowatsky Decl. ¶ 16. In her verified responses to Defendant's Form Interrogatories, served on November 25, 2024, Plaintiff claims that she will need future medical treatment due to the alleged Incident at a "total approximate cost of $123,601-$126,341." See Sowatsky Decl. ¶¶ 8, 10, 17-18; see Exhibit C at No. 6.7. The amount in controversy therefore exceeds $75,000.

24. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or Federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant GARFIELD BEACH CVS, LLC respectfully requests that the action pending in the Superior Court for the State of California, County of Los Angeles, be removed in its entirety to this Court.

DATED: December 17, 2024 YUKEVICH | CAVANAUGH

By: */s/ Eric M. Sowatsky*
James J. Yukevich
Raymond H. Hua
Eric M. Sowatsky
Attorneys for Defendant
GARFIELD BEACH CVS, LLC.
(erroneously sued and served herein as
CVS PHARMACY, INC.)

# PROOF OF SERVICE

**JOVAN SIMRIL v. CVS PHARMACY, INC., et al.**
**Long Angeles Superior Court - Case No. 24LBCV01719**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 S. Grand Avenue. 15th Floor, Los Angeles, CA 90071-1560.

On December 17, 2024, I served true copies of the following document(s) described as **DEFENDANT GARFIELD BEACH CVS LLC'S (ERRONEOUSLY SUED AND SERVED HEREIN AS CVS PHARMACY, INC.) NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** on the interested parties in this action as follows:

Andrew L. Ellis, Esq.
ELLIS LAW CORPORATION
2230 E. Maple Ave.
El Segundo, CA 90245

**Attorneys for Plaintiff**
**JOVAN SIMRIL**

Tel: (310) 641-3335
Fax: (310) 641-6664
Email: aellis@alelaw.com
jramon@alelaw.com
gchavez@alelaw.com
tallen@alelaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dcastellanos@yukelaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 17, 2024, at Los Angeles, California.

Deanna Castellanos

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788